IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZEESHAN RANA, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>SEVEN SMITH LLC D/B/A DOMINO'S PIZZA, CLIFTON W. DUNN, and ANA C. RODRIQUEZ,<br><br>Defendants. | Civil Action No.:<br><br>**COLLECTIVE ACTION & CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Zeeshan Rana, by and through his attorneys, McOmber McOmber & Luber, P.C., hereby files this hybrid Collective Action & Class Action Complaint on behalf of himself and all others similarly situated Delivery Drivers ("Members") against Defendant Seven Smith LLC d/b/a Domino's Pizza (hereinafter "Domino's"), Defendant Clifton W. Dunn ("Defendant Dunn"), and Defendant Ana C. Rodriquez ("Defendant Rodriquez") (collectively "Defendants") and states as follows:

## NATURE OF THE ACTION

1. The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, "establishes certain minimum wage, maximum hours, and other working conditions to protect workers"[1] and ensure that employees "would receive a fair day's pay for a fair day's work."[2] Similarly, the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.* is a "social legislation designed to correct abuses in employment"[3] with the mission "to protect employees wages and to

---

[1] *Uronis v. Cabot Oil & Gas Corp.*, 49 F.4th 263, 268 (3d Cir. 2022).
[2] *Resch v. Krapf's Coaches, Inc.*, 785 F.3d 869, 871 (3d Cir. 2015) (quoting *Parker v. NutriSystem, Inc.*, 620 F.3d 274, 279 (3d Cir. 2010)).
[3] *New Jersey State Hotel-Motel Ass'n v. Male*, 105 N.J. Super. 174, 177, 251 A.2d 466, 467 (App. Div. 1969).

1

guarantee receipt of the fruits of their labor."[4] Yet, Defendants' unlawful wage practices run contrary to federal and New Jersey law.

2.	Plaintiff brings this hybrid action with (i) a collective action under the FLSA; and (ii) a Rule 23(b)(3) class action for violations under the New Jersey law, including the NJWHL, promulgated regulations, and common law, all to recover unpaid minimum wages and overtime hours owed to himself and similarly situated Delivery Drivers employed by Defendants at their Domino's Pizza stores.

3.	Defendants employ Delivery Drivers who use their own automobile for delivering pizza and other food items at the benefit of Defendants. Defendants failed to reimburse Delivery Drivers for the automobile expenses associated with deliveries, which is considered a "kick-back" to the employer. The result: Delivery Drivers' wages are not "free and clear", and their net hourly pay falls below the applicable minimum wage.

4.	The law is well-established that Delivery Drivers must be reimbursed for automobile expenses associated with deliveries to ensure minimum wage. *See Morin v. Hoboken Bd. of Educ.*, No. 13-cv-00591 (KM), 2015 U.S. Dist. LEXIS 48793, at *9 (D.N.J. Apr. 13, 2015); *Zellagui v. MCD Pizza, Inc.*, 59 F. Supp. 3d 712, 2014 U.S. Dist. LEXIS 161785 (E.D. Pa. Nov. 13, 2014); *Bellaspica v. PJPA, LLC*, 3 F. Supp. 3d 257 (E.D. Pa. 2014); Dep't of Labor, Field Operations Handbook § 30c15(a) (2000).

---

[4] *McMillan v. Pepperidge Farm, Inc.*, No. 22-00542 (BRM) (CLW), 2022 U.S. Dist. LEXIS 120980, at *8 (D.N.J. July 7, 2022) (quoting *Rosen v. Smith Barney, Inc.*, 393 N.J. Super. 578, 925 A.2d 32 (App. Div. 2007), *aff'd,* 195 N.J. 423, 950 A.2d 205 (2008)).

## PARTIES

5.     Plaintiff Zeeshan Rana ("Plaintiff") is a resident of Hudson County, New Jersey. Plaintiff was employed by Defendants as a Delivery Driver from approximately April 4, 2022 to August 26, 2022.

6.     Defendant Seven Smith LLC, d/b/a Domino's Pizza, is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business 9 Brentwood Drive, Verona, New Jersey 07044.

7.     Defendant Clifton W. Dunn is a natural person engaged in business at the Domino's located in Bayonne, New Jersey. Defendant Dunn is the General Partner of Domino's, and is sued individually in his capacity as a co-owner, officer, and/or agent of Domino's. Defendant Dunn exercises sufficient control over the operations of Domino's to be considered Plaintiff's employer under the FLSA and New Jersey State Law, and at all times material herein established and implemented the pay practices, labor relations, and personnel policies and practices at the Domino's. Defendant Dunn is personally, jointly and severally liable for the violations of the FLSA and New Jersey State Law.

8.     Defendant Ana C. Rodriquez is a natural person engaged in business at the Domino's located in Bayonne, New Jersey. Defendant Rodriquez is a Member of Domino's, and is sued individually in her capacity as a co-owner, officer, and/or agent of Domino's. Defendant Rodriquez exercises sufficient control over the operations of Domino's to be considered Plaintiff's employer under the FLSA and New Jersey State Law, and at all times material herein established and implemented the pay practices, labor relations, and personnel policies and practices at the Domino's. Defendant Rodriquez is personally, jointly and severally liable for the violations of the FLSA and New Jersey State Law.

9.     Plaintiff's consent to pursue this claim under the FLSA is attached to as **Exhibit 1**.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under FLSA, which authorizes private actions to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

11. This court has supplemental jurisdiction of the putative state law class action under 28 U.S.C. § 1367. *Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

12. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants employed Plaintiff in this District, Defendants operate a Domino's Pizza franchise store in this District, and a substantial part of the events giving rise to the claims herein occurred in this District.

## Factual Allegations

13. Defendants own and operate a Domino's Pizza franchise store located at 1051 Broadway, Bayonne, NJ 07002.

14. Defendants employed Delivery Drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

15. Defendants require their Delivery Drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizzas and other food items.

16. Delivery Drivers' automobile is a condition of their employment with Defendants, and tool of the trade.

17. Defendants do not provide Delivery Drivers with an automobile.

18. Defendants' Delivery Drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses"), while delivering pizzas and other food items for the primary benefit of Defendants.

19. Defendants failed to reimburse Delivery Drivers for the cost of their automobile. Defendants did not reimburse Delivery Drivers on a per-delivery basis, the actual or any other reasonable approximation of the cost to own and operate a motor vehicle, nor the Internal Revenue Service's ("IRS") business milage reimbursement rate.

20. During the applicable FLSA Collective Period, the IRS business mileage reimbursement rate ranged between $0.535 and $0.625 per mile.[5] Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including AAA, have determined that the average cost of owning and operating a vehicle between $0.5456 to $0.6901 per mile during the same period for drivers who drive a sedan 15,000 miles per year.[6] These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for business use.

21. The driving conditions associated with the pizza delivery business cause even more frequent and higher maintenance costs and more rapid depreciation from driving as much as, and in the manner of, a Delivery Driver. Defendants' Delivery Drivers experience lower gas mileage and higher repair costs than the average driver used in the above calculations. The nature of the delivery business includes frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

22. Defendants do not reimburse Delivery Drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants

---

[5] https://www.irs.gov/newsroom/irs-issues-standard-mileage-rates-for-2023-business-use-increases-3-cents-per-mile (last visited Jan. 8, 2023); https://www.irs.gov/tax-professionals/standard-mileage-rates (last visited Jan. 8, 2023).
[6] https://newsroom.aaa.com/wp-content/uploads/2022/08/2022-YDC-Costs-Break-Out-by-Category.pdf (last visited Jan. 8, 2023); https://newsroom.aaa.com/wp-content/uploads/2022/08/2022-YourDrivingCosts-FactSheet-7-1.pdf (last visited Jan 8, 2023).

uniformly fail to reimburse their Delivery Drivers at any reasonable approximation of the cost of owning and operating their automobile for Defendants' benefit.

23. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages paid to Plaintiff and Defendants' other Delivery Drivers are not paid free and clear of all outstanding obligations to Defendants.

24. Defendants failed to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the applicable minimum wage requirements.

25. In sum, Defendants' lack of reimbursement policy fails to reflect the realities of Delivery Drivers' automobile expenses.

**I.     Defendants' Failure to Reimburse Automobile Expenses Causes Minimum Wage Violations**

26. Defendants' lack of reimbursement has resulted in systematic violations of the applicable minimum wage.

27. During Plaintiff's employment with Defendants, Plaintiff was paid $8.25 per hour while making deliveries, which included Defendants' taking a tip credit applicable to the time he performed deliveries. Plaintiff earned $13.00 per hour while working in the store.

28. The applicable federal and state minimum wage per hour during the Collective Period and Class Period:

| Year | Federal | New Jersey |
|---|---|---|
| January 1, 2019 - June 30, 2019 | $7.25 | $8.60 |
| July 1, 2019 - December 31, 2019 | $7.25 | $10.00 |
| 2020 | $7.25 | $11.00 |
| 2021 | $7.25 | $12.00 |
| 2022 | $7.25 | $13.00 |
| 2023 | $7.25 | $14.00 |

6

29. During the time Plaintiff worked for Defendants as a delivery driver, he did not receive any reimbursements for his travel

30. During the relevant time period, the IRS business mileage reimbursement rate, which reasonably approximated the automobile expenses incurred delivering Defendants' pizzas, is as follows:

| Year | IRS Rate |
|------|----------|
| 2019 | $0.58 |
| 2020 | $0.575 |
| 2021 | $0.56 |
| 2022 | $0.585 |
| 2023 | $0.655 |

*See* https://www.irs.gov/newsroom/irs-issues-standard-mileage-rates-for-2023-business-use-increases-3-cents-per-mile (last visited Jan. 8, 2023); https://www.irs.gov/tax-professionals/standard-mileage-rates (last visited Jan. 8, 2023).

31. Using the IRS mileage rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by the IRS mileage rate, which is at least $0.56 per mile during the applicable Collective Period and Class Period.

32. During his employment by Defendants, Plaintiff regularly made three (3) or more deliveries per hour.

33. Thus, in 2022, using a conservative under-estimate of Plaintiff's actual expenses and damages, every hour on the job decreased Plaintiff's net wages by approximately $8.78 per hour ($0.585 per mile x 3 deliveries per hour x 5 miles per delivery = $8.78).

34. Using Plaintiff's July 15, 2022 paycheck (pay period June 26, 2022 – July 9, 2022) as an example, Plaintiff's subminimum wages can be quickly calculated.

| EARNINGS | BASIS OF PAY | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|
| | | Hourly | 11.76 | 13.0000 | 152.88 | 58.44 | 759.72 |
| | | Hourly 2 | 32.60 | 8.2500 | 268.95 | 193.61 | 1597.28 |
| | | Total Hours | 44.36 | | | 252.05 | |
| | | Gross Earnings | | | 421.83 | | 2357.00 |
| | | Total Hrs Worked | 32.60 | | | | |
| | | Tip Credit | 32.60 | 4.75 | 154.85 | | |
| OTHER Do not increase Net Pay | | DESCRIPTION | | | THIS PERIOD ($) | | YTD ($) |
| | | Tips Cash | | | 276.74 | | 1967.68 |

35. In the above July 15, 2022 pay check, due to Defendants' failure to reimburse automobile expenses – and even considering tips – Plaintiff was paid a realized subminimum wage of $7.96 per hour, which is well below applicable minimum wage of $13.00 per hour.

36. To make matters worse, Plaintiff orally complained to Defendants regarding the lack of reimbursement and subminimum wage, but Defendants ignored his concern.

37. All of Defendants' Delivery Drivers had similar experiences to those of Plaintiff. They were subject to the same lack of reimbursement policy; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable minimum wage before deducting unreimbursed business expenses.

38. Because Defendants paid their drivers a gross hourly wage at or above the applicable minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the Delivery Drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

39. Defendants apply the same lack of reimbursement policy and methodology with respect to all Delivery Drivers.

40. The net effect of Defendants' failure reimburse Delivery Drivers is that Defendants have willfully failed to pay the applicable minimum wage to their Delivery Drivers. Defendants thereby profited at the expense of their employees.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

41. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this FLSA Collective Action as an "opt-in" on behalf of herself and of similarly situated Delivery Drivers, which is defined as following:

> All current and former individuals who were employed as Delivery Drivers by Defendants and not paid statutory minimum wages, ("Collective Members") at any time since three (3) years before an entry of Conditional Certification, who elected to opt-in to this action ("Collective Period").

42. Plaintiff, individually and on behalf of other similarly situated Delivery Drivers, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees the applicable minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

43. Plaintiff and Defendants' Delivery Drivers are similarly situated in that:

   a. They have worked as delivery drivers for Defendants delivering pizzas and other food items to Defendants' customers;

   b. They have delivered pizzas and other food items using automobiles not owned or maintained by Defendants;

   c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

   d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

   e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

9

  f. They were subject to the same pay policies and practices of Defendants;

  g. They were not reimbursement for automobile expenses, resulting in wages below the applicable minimum wage in some or all workweeks;

  h. They were paid at or near the applicable minimum wage before deducting unreimbursed business expenses.

44. Defendants have violated and, continue to violate, the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to the FLSA. 29 U.S.C. § 255(a).

45. Plaintiff brings the Class Action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representatives, which shall include:

> All current and former individuals who were employed as Delivery Drivers by Defendants and not paid statutory minimum wages, ("Class") since the date six years preceding the filing of this Complaint (the "Class Period").

46. The claims brought pursuant to New Jersey State Law and common law may be pursued by all similarly-situated persons who do not opt-out of the Class Action pursuant to Rule 23.

47. **Commonality and Predominance.** Questions of fact and law common to the Class predominate over any questions affected only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

  a. Whether Defendants failed to pay Class members the minimum wage required by New Jersey law;

  b. Whether Defendants failed to reasonably reimburse Class members for using their own vehicles to deliver Defendants' pizzas and other food items;

  c. Whether Defendants failed to keep accurate records of deductions from Class members' wages in violation of New Jersey law; and

  d. Whether Plaintiff and Class Members are entitled to compensatory damages, and if so, the means of measuring such damages;

  e. The proper measure of damages sustained by the Class; and

  f. Whether Defendants' actions were "willful."

48. **Numerosity & Ascertainability.** Although the exact number of Class Members is uncertain, and can only be ascertained through appropriate discovery, including discovery of Defendants' records. Upon information and belief, there are more than 40 members in each of proposed Class Action. The Class is so numerous that the joinder of all members is impracticable. The Class is comprised of a readily ascertainable set of persons who performed worked for Defendants as Delivery Drivers during the relevant time period.

49. **Typicality.** Plaintiff's claims are typical of the claims of the Class Members, including, but not limited to the following:

  a. Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

  b. Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

  c. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

  d. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    e.    Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

    f.    Plaintiff and the Class were not reimbursement for automobile expenses, resulting in wages below the applicable minimum wage in some or all workweeks;

    g.    Plaintiff and the Class were paid at or near the applicable minimum wage before deducting unreimbursed business expenses.

50.    **Adequacy of Representation**. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

51.    **Superiority.** Maintenance of this action as a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Moreover, absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. The prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct. In contrast, a class action presents far fewer management difficulties, conserves judicial as well as the parties' resources, and protects the rights of each Class Member.

52.    Defendants willfully violated New Jersey State law.

53. Plaintiff and the Deliver Drivers he seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

## COUNT I
## THE FAIR LABOR STANDARDS ACT OF 1938
## MINIMUM WAGE VIOLATIONS
## (On Behalf of Plaintiff and the FLSA Collective)

54. Plaintiff reasserts and re-alleges the allegations set forth above.

55. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

56. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Thus, Defendants are subjected to the FLSA's minimum wage requirements.

57. At all relevant times, Defendants have either employed, and/or continue to employ, Plaintiff and each of the Collective Members within the meaning of the FLSA.

58. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

59. At all relevant times, Defendants failed to reimburse Delivery Drivers for their automobile expenses to such an extent that it diminishes these employees' wages beneath the applicable minimum wage.

60. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees.

61. Defendants knew or should have known that their pay policies and practices would result in a failure to compensate delivery drivers at the applicable minimum wage.

62. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all of Defendants' Delivery Drivers.

63. Defendants have violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully, or at least demonstrated reckless disregard for whether their conduct was unlawful.

65. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

66. Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the members of the Nationwide Collective, are entitled to recover from Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b), as well as prejudgment and post-judgment interest.

**COUNT II**
**NEW JERSEY WAGE AND HOUR LAW**
**MINIMUM WAGE VIOLATIONS**
**(On Behalf of Plaintiff and the Rule 23(b)(3) Class)**

67. Plaintiff reasserts and re-alleges the allegations set forth above.

68. At all relevant times, Defendants have been and continue to be an "employer" within the meaning of the NJWHL. N.J.S.A. § 34:11-56a1.

69. At all relevant times, Defendants have employed, and continues to employ Plaintiff and each of the Class within the meaning of the NJWHL and state law.

70. Pursuant to the NJWHL the Defendants were required to pay Plaintiff and the Delivery Drivers all wages, when due, for all hours of work at hourly rates equal to the minimum wage rate under the NJWHL on their regular pay date. N.J.S.A. § 34:11-56a4.

71. Defendants were required to provide employees with advanced notice for wage deductions permissible. N.J.S.A. § 34:11-56a16.

72. Defendants failed to pay Plaintiff and the Delivery Drivers reimbursements for travel expenses "as all wages earned" or "every wage paid" under the NJWHL and thus failed to comply with this statute and its accompanying administrative code. *Id.*

73. As alleged herein, Defendants failed to reimburse Delivery Drivers for their automobile expenses to such an extent that it diminishes these employees' wages beneath the New Jersey minimum wage.

15

74. Defendants knew or should have known that their pay and reimbursement policies and practices would result in a failure to compensate delivery drivers at the New Jersey minimum wage.

75. Defendants, pursuant to their policies and practices, violated the NJWHL by refusing and failing to pay New Jersey minimum wage to Plaintiff and other similarly situated Delivery Drivers.

76. The foregoing conduct, as alleged, constitutes willful violations of the NJWHL.

77. As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under the NJWHL and the FLSA, thereby violating, and continuing to violate, the NJWHL.

78. Defendants have violated New Jersey State Law, including but not limited to the New Jersey Wage Payment Law, amended in part by the Wage Theft Act, and corresponding New Jersey Code provisions by failing to "pay wages when due and as required by law" for six years prior to the date the claim for wages is filed. N.J.S.A. 34:11-58. Defendants have unlawfully withheld and/or diverted a portion of Plaintiff's and the Delivery Drivers wages in violation of New Jersey's Wage Payment Law, N.J.S.A. 34:11-4.4(a); *see also* N.J.A.C. 12:55-2.1(a).

79. Due to the Defendants' violations, Plaintiff, on behalf of himself and the members of the Class Action, have sustained losses and lost compensation as a proximate result of Defendants' violations, and are entitled to recover from Defendants the amount of unpaid minimum wages, liquidated damages, attorneys' fees and costs, as well as pre-judgment and post-judgment interest.

## COUNT III
## UNJUST ENRICHMENT

80. Plaintiff reasserts and re-alleges the allegations set forth above.

81. Plaintiff conferred a benefit upon Defendants by working on their behalf without compensation.

82. Defendants had an appreciation or knowledge of the benefit conferred by Plaintiff.

83. Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

84. Plaintiff is entitled to recover the value of the benefit conferred on Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Collective Action and members of the Class Actions, respectfully requests the Court grant the following relief:

A. Certification of this action as a collective action on behalf of the Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B. Certification of the action as a class action under Rule 23 on behalf of the Class Action;

C. Designation of Plaintiff as representative of the Collective Action and the Class ;

D. Designation of Plaintiff's counsel as class counsel for the Collective Action and the Class;

E. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New Jersey State Law and that Defendants' violations as described above are to be found willful;

F. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

G. An award of unpaid minimum wages to Plaintiff and the members of the Collective Action and the Class Action;

H. An award of unpaid overtime wages to Plaintiff and the members of the Collective Action and the Class Action.

I. An award of liquidated damages to Plaintiff and members of the Collective Action and the Class Action.

J. That Defendants be ordered and enjoined to pay restitution of unpaid wages to Plaintiff and the Collective Action and the Class Action due to Defendants' unlawful activities;

K. An award of costs and expenses of this action together with reasonable attorneys' to Plaintiff and members of the Collective Action and the Class ; and

L. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Zeeshan Rana, on behalf of himself and all others similarly situated, hereby demands a jury trial with respect to all issues triable of right by jury.

## **CERTIFICATION**

It is hereby certified pursuant to 28 U.S.C. § 1746 and pursuant to L.Civ.R. 11.2 that the matter in controversy is not presently the subject of any other action pending in any court or of an arbitration proceeding to date.

Dated: February 1, 2023          By:   */s/ Charles J. Kocher*
                                        Charles J. Kocher, Esq. (NJ ID 016952004)
                                        Matthew A. Luber, Esq. (NJ ID 017302010)
                                        Tyler J. Burrell, Esq. (NJ ID 377942021)
                                        McOMBER McOMBER & LUBER, P.C.
                                        39 East Main Street
                                        Marlton, NJ 08053
                                        (856) 985-9800 Phone
                                        (856) 263-2450 Fax

                                        *Attorneys for Class Representative Plaintiff Zeeshan Rana, on behalf of himself and all others similarly situated for the Rule 23(b)(3) Class and FLSA Collective*

## CERTIFICATE OF SERVICE

  I hereby certify that on February 1, 2023 I caused the foregoing to be electronically filed and served via the Court's ECF system.

                /s/ *Charles J. Kocher*
                Charles J. Kocher, Esq.